I concur in the result reached by the majority because it vacates an order that refused to enforce the forum selection clause. In Keelean v. Central Bank of the South, 544 So.2d 153
(Ala. 1989), I concurred specially and, citing M/S Bremen v.Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513
(1972), I wrote the following:
 "I am of the opinion . . . that contractual provisions providing for personal jurisdiction are valid and enforceable and do not violate any principles of due process. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316, 84 S.Ct. 411, 414-15, 11 L.Ed.2d 354, 358 (1964). The Supreme Court said in the Burger King case:
 " 'We have noted that, because the personal jurisdiction is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." Insurance Corp. of Ireland Limited v. Compagnie des Bauxites de Guinee, [456 U.S. 694, . . . at 703, 102 S.Ct. 2099, at 2105, 72 L.Ed.2d 492
(1982)]. For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. See National Equipment Rental, Ltd. v. Szukhent, [375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964)]. Where such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), their enforcement does not offend due process.' "
544 So.2d at 159 (Maddox, J., concurring specially).
The United States Supreme Court, in M/S Bremen, supra, adopted the view "that [forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. at 10, 92 S.Ct. at 1913. The Court further said that when "the choice of [the] forum [is] made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts," id. at 12, 92 S.Ct. at 1914, and that the correct approach is to "enforce the forum clause specifically unless [the resisting party can] clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 15,92 S.Ct. at 1916.
In relation to the convenience of the forum to the parties, the Court in M/S Bremen held:
 "Courts have also suggested that a forum clause, even though it is freely bargained for and contravenes no important public policy of the forum, may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action. Of course, where it can be said with reasonable assurance that at the time they entered the contract, the parties . . . contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable."
Id. at 16, 92 S.Ct. at 1917 (emphasis omitted; emphasis added).
Finally, in circumstances where the resisting party claims that the agreed-upon forum is inconvenient, that party must show "that trial in the contractual forum will be so gravely difficult and inconvenient that [the resisting party] will for all practical purposes *Page 354 
be deprived of his day in court." Id. at 18, 92 S.Ct. at 1917.
I believe that the principles stated by the United States Supreme Court in M/S Bremen,[4] supra, concerning forum selection clauses are applicable to this case. Therefore, I must respectfully concur in the result.
HOOPER, C.J., and SEE, J., concur.
[4] See also Michael Mousa Karayanni, The Public Policy Exceptionto the Enforcement of Forum Selection Clauses, 34 Duq. L.Rev. 1009 (1996); Brian Mattis, Forum Selection Clauses in Florida, 6 St. Thomas L.Rev. 247, at 258 (1994); Michael E. Solimine,Forum Selection Clauses and the Privatization of Procedure, 25 Corneal Int'l L.J. 51, at 57, 63, 91 (1992).